Dean M. Gloster (State Bar No. 109313)
Gary M. Kaplan (State Bar No. 155530)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: gkaplan@fbm.com

[Proposed] Attorneys for Debtors
WALTER J. NG AND MARIBEL NG

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>WALTER J. NG and<br>MARIBEL NG,<br><br>              Debtors.<br><br>Tax I.D. No. xxx-xx-8275 | Case No. 11-45175<br><br>Chapter 11 Case<br><br><u>Hearing</u><br>Date: May 19, 2011<br>Time: 11:00 a.m.<br>Place: Courtroom 201<br>          1300 Clay Street<br>          Oakland, CA 94612<br><br>Judge: Hon. Roger Efremsky |

**DEBTORS' EMERGENCY MOTION FOR ORDER PROHIBITING UTILITIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICE, AND ESTABLISHING PROCEDURES FOR REQUESTS FOR ADEQUATE ASSURANCE OF PAYMENT**

Walter J. Ng and Maribel Ng, the debtors in possession in the above-captioned Chapter 11 case (the "Debtors"), hereby submit their Motion For An Order Prohibiting Utilities From Altering, Refusing or Discontinuing Service, and Establishing Procedures for Requests for Adequate Assurance of Payment (the "Motion"). In support of this Motion, the Debtors rely on the supporting Declaration of Walter J. Ng ("Ng Decl.") submitted concurrently. In further support of this Motion, the Debtors respectfully states as follows:

DEBTORS' EMERG. MOT. FOR CONTINUED
UTILITY SERVICE, DETERMIN. ADEQ. ASSUR.

Case: 11-45175   Doc# 16   Filed: 05/17/11   Entered: 05/17/11 19:25:13   Page 1 of 5

# I. FACTUAL BACKGROUND

## A. The Debtors' Bankruptcy Filing.

1. On May 12, 2011 (the "Petition Date"), the Debtors filed a joint voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned Court. The Debtors continue to manage and operate their business and property as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' bankruptcy case.

## B. Description of the Debtors and Their Current Situation

2. Debtor Walter J. Ng, age 81, has been active in the mortgage loan investment and servicing business for several decades, including through Walter Ng Investors, a sole proprietorship, as well as through his interest in other entities, including RE Loans, LLC (an investment vehicle, in which he holds the largest membership interest), LEND, Inc. (a servicing entity, in which he holds 10% of the stock), and RE Reno, LLC (an investment vehicle, of which he is manager). Maribel Ng, age 82, is the spouse of Walter J. Ng.

3. Based on, among other things, the downturn in the real estate market, the value of the Debtors' investments—which constitute their primary assets--has declined dramatically in recent years. At the same time, certain investors in Mr. Ngs' businesses have commenced or threatened to commence legal action against Mr. Ng (among others) based on losses in their investments.

4. The Debtors commenced this case in an effort to, among other things, ensure an orderly process for the resolution and payment of the claims of investors and other creditors.

# II. RELIEF SOUGHT

By this Motion, the Debtors seek entry of an Order (i) prohibiting those utility companies providing utility services to the Debtors (each a "Utility" and, collectively, the "Utilities") from altering, refusing or discontinuing services to, or discriminating against, the Debtors on account of unpaid prepetition invoices; and (ii) establishing procedures for determining requests by the Utilities for "adequate assurance of payment" within the meaning of Section 366 of the Bankruptcy Code.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTORS' EMERG. MOT. FOR CONTINUED UTILITY SERVICE, DETERMIN. ADEQ. ASSUR. - 2 -

Case: 11-45175   Doc# 16   Filed: 05/17/11   Entered: 05/17/11 19:25:13   Page 2 of 5

### A. Utility Services

Numerous Utilities provide the Debtors with traditional utility services, such as telephone cable television, internet, electric, gas, water, sewer, trash collection, and other similar services that are necessary for the continued functioning of the Debtors' residence. A list of all identified Utilities (the "Utility Service List")[1] is attached as Exhibit "A" to the accompanying Declaration of Walter Ng in support of the Motion. The Debtors have made an extensive, good-faith effort to identify all Utilities and list them on the Utility Service List.

Uninterrupted utility services are critical to the ability of the Debtors to maintain the use and value of their residence, an important asset of the Debtors' bankruptcy estate.

### B. Adequate Assurance of Payment

Section 366(c)(2) of the Bankruptcy Code permits each Utility to discontinue providing services to the Debtors "if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility."[2] However, "[o]n request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under [Section 366(c)(2)]."[3] Section 366(c)(1)(A) defines the phrase "assurance of payment" to mean, among other things, a cash deposit.

The Debtors intend to pay for postpetition utility services provided by the respective Utilities as and when due. The Debtors represent that they have not provided any deposits to the Utilities and that they have generally continued to pay for prepetition services provided by the Utilities as they come due. The Debtors submit that their payment for utility service for the prepetition stub period of May 1 through May 12, 2011 provides adequate assurance of payment and no additional deposit, security or other assurance of payment is or should be required for such

---

[1] The inclusion of any entity on, or the exclusion of any entity from, the Utility Service List is not an admission by the Debtors that such entity is or is not a "utility" within the meaning of Section 366 of the Bankruptcy Code, and the Debtors reserve their rights to contend that any entity listed on Exhibit A is not a utility. The Debtors request that this Motion apply to all Utilities regardless of whether they are currently identified on the Utility Service List.

[2] 11 U.S.C. § 366(c)(2).

[3] 11 U.S.C. § 366(c)(3)(A).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

1 Utility.

2 As reflected on Exhibit A, the Debtors obligations to Utilities on account of services
3 rendered prepetition aggregate approximately $300.00.

4 Notwithstanding the foregoing, to the extent a Utility seeks a deposit or other adequate
5 assurance of the Debtors' payment for post-Petition Date services (an "Adequate Assurance
6 Deposit") greater or different than that proposed herein by the Debtors, the Debtors submit that
7 such Utility should be required to contact the Debtors in writing within five (5) days after being
8 served with notice of the Order on this Motion, by 5:00 pm Pacific time, to initiate discussions
9 regarding the nature and amount of the Adequate Assurance Deposit sought. If the Debtors and a
10 requesting Utility are able to agree on the nature and amount of the Adequate Assurance Deposit,
11 the Debtors request authorization to provide such Adequate Assurance Deposit without further
12 Court order.

13 If the Debtors and a requesting Utility are unable to reach an agreement with respect to a
14 Utility Company's request for an Adequate Assurance Deposit, the Debtors request that such
15 Utility be required to file a motion with the Court pursuant to Bankruptcy Code Section
16 366(c)(3)(A) for a modification of the nature and amount of the assurance of payment beyond that
17 proposed by the Debtors. The Debtors propose that such Utility should be required to file and
18 serve such motion no later than ten (10) days after the Utility is provided notice of the Order on
19 this Motion, and that such motion be heard by the Court by no later than twenty (20) days after
20 the Utility is provided notice of the Order on this Motion.

21 The foregoing procedures will ensure that the Debtors are not surprised by a Utility
22 deciding to cease providing utility services to the Debtors without first attempting a consensual
23 accommodation. Otherwise, any given Utility might disrupt the continued functioning of the
24 Debtors' residence by unilaterally terminating services in an effort to extract unnecessarily
25 burdensome assurances of payment from the Debtors. The Debtors accordingly submit that any
26 Utility that fails to comply with the foregoing procedures be enjoined from altering, refusing or
27 discontinuing service to, or discriminating against, the Debtors.

28 Relief of the type sought herein by the Debtors is consistent with procedures upheld in at

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTORS' EMERG. MOT. FOR CONTINUED
UTILITY SERVICE, DETERMIN. ADEQ. ASSUR.
- 4 -

Case: 11-45175    Doc# 16    Filed: 05/17/11    Entered: 05/17/11 19:25:13    Page 4 of 5

least one comparable reported case. *See In re Syroco Inc.*, 374 B.R. 60, 61-62 (Bankr. D. P.R. 2007) (utilities' failure to respond, prior to expiration of the 30-day injunction granted under Section 366(c), to Chapter 11 debtor's offer to pay deposits in amounts equal to average cost of two weeks of service from utility as adequate assurance of payment, treated as tacit acceptance of debtor's offer of adequate assurance, thereby providing grounds for bankruptcy court to continue automatic injunction against utilities' termination of service to debtor; disagreeing with *In re Lucre, Inc.*, 333 B.R. 151 (Bankr. W.D. Mich. 2005), as being contrary to Congressional intent).

The Debtors note that, despite their good-faith efforts to list every Utility from which the Debtors receive service, certain Utilities may not be included on the Utility Service List. If the Debtors discover any such Utilities after the filing of this Motion, the Debtors will amend the Utility Service List and serve a copy of this Motion and any order thereon upon such Utilities. For any Utility identified after the filing of this Motion, the Debtors request that the deadlines set forth above will apply to such Utility.

### C. CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) prohibiting utilities from altering, refusing or discontinuing service, (ii) establishing the procedures set forth herein regarding requests for adequate assurance of payment, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: May 17, 2011                           FARELLA BRAUN + MARTEL LLP

                                              By:          /s/
                                                      Gary M. Kaplan

                                              [Proposed] Attorneys for Debtors
                                              WALTER J. NG AND MARIBEL NG

26777\2612676.2

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTORS' EMERG. MOT. FOR CONTINUED
UTILITY SERVICE, DETERMIN. ADEQ. ASSUR.    - 5 -

Case: 11-45175   Doc# 16   Filed: 05/17/11   Entered: 05/17/11 19:25:13   Page 5 of 5