Dean M. Gloster (State Bar No. 109313)
Gary M. Kaplan (State Bar No. 155530)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
Email: gkaplan@fbm.com

[Proposed] Attorneys for Debtors
WALTER J. NG AND MARIBEL NG

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>WALTER J. NG and<br>MARIBEL NG,<br><br>             Debtors.<br><br>Tax I.D. No. xxx-xx-8275 | Case No. 11-45175<br><br>Chapter 11 Case<br><br><u>Hearing</u><br>Date: May 19, 2011<br>Time: 11:00 a.m.<br>Place: Courtroom 201<br>       1300 Clay Street<br>       Oakland, CA 94612<br><br>Judge: Hon. Roger Efremsky |

**DEBTORS' EMERGENCY MOTION FOR ORDER AUTHORIZING
CONTINUED USE OF BANK ACCOUNTS AND FOR RELATED RELIEF**

    Walter J. Ng and Maribel Ng, the debtors in possession in the above-captioned Chapter 11 case (the "Debtors"), hereby move for an Order Authorizing Continued Use of Bank Accounts and for Related Relief (the "Motion"). By this Motion, the Debtors seek an order of this Court approving the Debtors' (i) retention of their existing bank accounts, and (ii) continued automatic debiting of certain critical expenses from such accounts, which may include the "stub" portion attributable to the prepetition period, notwithstanding certain provisions of the Bankruptcy Local Rules ("BLR") and United States Trustee Guidelines ("UST Guidelines"). In support of this

Motion, the Debtors rely on the supporting Declaration of Walter J. Ng ("Ng Decl.") submitted concurrently. In further support of this Motion, the Debtors respectfully states as follows:

## I. FACTUAL BACKGROUND

### A. The Debtors' Bankruptcy Filing.

1. On May 12, 2011 (the "Petition Date"), the Debtors filed a joint voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned Court. The Debtors continue to manage and operate their business and property as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed in the Debtors' bankruptcy case.

### B. Description of the Debtors and Their Current Situation

2. Debtor Walter J. Ng, age 81, has been active in the mortgage loan investment and servicing business for several decades, including through Walter Ng Investors, a sole proprietorship, as well as through his interest in other entities, including RE Loans, LLC (an investment vehicle, in which he holds the largest membership interest), LEND, Inc. (a servicing entity, in which he holds 10% of the stock), and RE Reno, LLC (an investment vehicle, of which he is manager).

3. Based on, among other things, the downturn in the real estate market, the value of the Debtors' investments—which constitute their primary assets--has declined dramatically in recent years. At the same time, certain investors in Mr. Ngs' businesses have commenced or threatened to commence legal action against Mr. Ng (among others) based on losses in their investments.

4. The Debtors commenced this case in an effort to, among other things, ensure an orderly process for the resolution and payment of the claims of investors and other creditors.

### C. Debtors' Existing Bank Accounts

5. Prior to the Petition Date, the Debtors maintained the bank accounts (collectively, the "Bank Accounts") described below.

6. Debtor Walter Ng maintains a personal checking account at Fremont Bank ("Fremont"), account number xxxxx6068 (the "Fremont Personal Checking Account"), into

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTORS' EMERG. MOT. CONTINUED USE OF - 2 -
BANK ACCOUNTS, RELATED RELIEF

Case: 11-45175    Doc# 20    Filed: 05/17/11    Entered: 05/17/11 19:58:58    Page 2 of 7

which are directly deposited both of the Debtors' social security benefits (in the collective amount of $3,217.80 monthly) and Debtor Walter Ng's veteran pension benefits (in the amount of $67.00 monthly).

7. Debtor Walter Ng maintains a personal savings account at Fremont, account number xxxx4045 (the "Fremont Savings Account").

8. Debtor Walter Ng maintains a business checking account with respect to Walter Ng Investors at Fremont, account number xxxx6025 (the "Fremont Business Checking Account").[1]

9. The Debtors maintain a personal checking account at Provident Credit Union ("Provident"), account number xxxxxx9905 (the "Provident Personal Checking Account").

10. The following amounts are regularly debited automatically from the Debtors' Fremont Personal Checking Account (collectively, the "Fremont Account Debits"), in approximately the following average monthly amounts:

(a) AT&T (telephone) - $55;

(b) Comcast (cable/internet) - $85;

(c) Family Life Insurance (Medicare/medical insurance) - $352;

(d) Yalin Li (caretaker for Debtor Maribel) - $2,000;

(e) Paychex (employer tax withholding) - $88; and

(f) Paychex (payroll processing fee) - $73.

11. The following amounts are regularly debited automatically from the Debtors' Provident Personal Checking Account (collectively, the "Provident Account Debits"), in approximately the following average monthly amounts:

(a) Provident Mortgage (home mortgage) - $1,567; and

(b) HOA Rossmoor (homeowner                - $750.

association dues, including waste disposal, water, cable

TV, building maintenance & insurance, gardening)

---

[1] Walter Ng's son Kelly Ng is a co-account holder on each of the Fremont accounts.

DEBTORS' EMERG. MOT. CONTINUED USE OF    - 3 -
BANK ACCOUNTS, RELATED RELIEF

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

Case: 11-45175    Doc# 20    Filed: 05/17/11    Entered: 05/17/11 19:58:58    Page 3 of 7

12. In addition, the following amounts are regularly debited automatically on the Debtors' Chase-issued credit card (collectively, the "Chase Account Debits", and with the Fremont Account Debits and Provident Account Debits, the "Bank Debits"), in approximately the following average monthly amounts:

(a) Humana Health Plan (medical/medicare) - $86; and

(b) Right Source (prescription drugs) - $300.

13. The Bank Debits include the "stub portion" of the indicated expenses attributable to the period prior to the Petition Date (*i.e.*, from May 1 through May 12, 2011).

14. Except for the Provident Personal Checking Account, all of the Bank Accounts are maintained at banks (collectively, the "Banks") included in the "List of Approved Depositories" promulgated by the Office of the U.S. Trustee (the "UST"). The Debtors note that Provident has been given a 5-star (out of 5) health rating from depositaccounts.com (http://www.depositaccounts.com/banks/provident-credit-union.html) and a 4-star (out of 5) from bankrate.com's "Safe and Sound Rating System" (http://www.bankrate.com/rates/safe-sound/bank-ratings.aspx?t=cu&i=provident&r=&a=&c=&s=&z=).

15. UST Guideline 4.4.6, and to some extent BLR 2015-1(a), generally require that: all of a Chapter Debtors' prepetition bank accounts be closed; new postpetition accounts be opened at UST-approved depositories; and all checks and related forms be reprinted to include "Debtor in Possession" status.

16. To avoid disruption in the Debtors' financial dealings, including uninterrupted payments to those providing critical services to the Debtors, it is important that there be no drastic disruption in the Debtors' financial account dealings. This Motion accordingly seeks the Debtors' continued use of its Bank Accounts and payment of the Bank Debits (including the "stub" portion attributable to the prepetition period of May 1-12, 2011), pursuant to Section 105(a) of the Bankruptcy Code, notwithstanding BLR 2015-1(a), and UST Guideline 4.4.6.

## II. RELIEF SOUGHT

### A. Request To Maintain Bank Accounts And Continue Bank Debits

17. The Debtors believe that their Chapter 11 operations will be smoother and more

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTORS' EMERG. MOT. CONTINUED USE OF BANK ACCOUNTS, RELATED RELIEF - 4 -

Case: 11-45175    Doc# 20    Filed: 05/17/11    Entered: 05/17/11 19:58:58    Page 4 of 7

orderly, with a minimum amount of disruption, if they are allowed to maintain their Bank Accounts and Bank Debits as described above; *provided, however*, that checks initiated from any of the Bank Accounts prior to the Petition Date which have not been honored as of the Petition Date will not be honored unless authorized by this Court.

18. The Debtors have or will promptly inform personnel at each of the Banks of the Debtors' filing of this bankruptcy case, and direct the Banks not to honor any pre-petition checks, unless expressly directed otherwise, based on appropriate authorization from this Court.

19. If the Debtors are not permitted to maintain and utilize the existing Bank Accounts and Bank Debits, the resulting harm will likely include (i) disruption in the ordinary financial affairs of the Debtors, including interruption in payments to those providing critical services to the Debtors, and (ii) costs to the estate to close all of the Bank Accounts and open new accounts. For example, the Debtors currently have agreements and arrangements with vendors, as to which it would be administratively difficult and/or time-consuming to establish new provisions, including (a) payment of the Debtors' health care, medical insurance and prescription drug expenses; (b) payment of the Debtors' mortgage, homeowner association and utility service expenses; and (c) payment for administration of the Debtors' payroll and payroll tax payments.

20. In view of the foregoing, the Debtors respectfully requests that, with regard to the existing Bank Accounts, the Court waive the requirements of BLR 2015-1(a), and U.S. Trustee Guideline 4.4.6, as well as authorizing the Debtors payment of the "stub" portion (attributable to the prepetition period May 1-12, 2011) with respect to the Bank Debits.

### III. AUTHORITY FOR RELIEF REQUESTED

21. Section 105 of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." The Debtors submit that an order should be entered pursuant to Section 105 authorizing them to maintain their existing Bank Accounts and Bank Debits because (in addition to the reasons set forth above):

- Most of the total amount of the "stub" portion of Bank Debits (attributable to the prepetition period of May 1-12, 2011) are being paid out of the Fremont Personal

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTORS' EMERG. MOT. CONTINUED USE OF BANK ACCOUNTS, RELATED RELIEF - 5 -

Case: 11-45175    Doc# 20    Filed: 05/17/11    Entered: 05/17/11 19:58:58    Page 5 of 7

Checking Account which contains property that is not property of the estate—*i.e.*, the Debtors' exempt social security benefits and veteran pension payments which are directly deposited in the Fremont Personal Checking Account.

- The majority of the remaining "stub" portion of the Bank Debits is being paid to secured creditor Provident Mortgage with respect to the mortgage on the Debtors' residence, which amount almost certainly would be fully paid in this Chapter 11 case.

22. Bankruptcy courts routinely authorize Debtors to continue use of their prepetition bank accounts and conduct of related transactions. *See, e.g., In re Charter Co.*, 778 F.2d 617, 620 (11th Cir. 1985), *In re Southmark Corp.*, 49 F.3d 1111, 1114 (5th Cir. 1995) (noting that maintaining cash management system allows a debtor "to administer more efficiently and effectively its financial operations and assets"); *In re Columbia Gas Sys., Inc.*, 997 F.2d 1039, 1061 (3rd Cir. 1993); *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987); *see also In re Gold Standard Baking, Inc.*, 179 B.R. 98, 103-105 (Bankr. N.D. Ill. 1995) (excusing debtor from U.S. Trustee guideline requiring issuance of checks with "debtor in possession" imprint); *In re New York City Shoes, Inc.*, 78 B.R. 426, 427 (Bankr. E.D. Pa. 1987). The Debtors respectfully submit that the Court should grant comparable relief in this case.

**IV. CONCLUSION**

Based on the foregoing, the Debtors respectfully request an order of the Court approving their continued use of the Bank Accounts and Bank Debits (including payment of the "stub portion" attributable to the pre-petition period of May 1-12, 2011), and for such other and further relief as is just. The Debtors submit that such order also should provide that the Banks are authorized to debit the Debtors' Bank Accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtors' Bank Accounts which are cashed or deposited at the Banks prior to the Petition Date; and (ii) any applicable fees or charges based on the dishonor of any checks drawn on the Debtors' Bank Accounts which are cashed or deposited prior to the Petition Date, to the same extent that the Debtors would be liable for such fees or charges prior to the Petition Date. The Debtors submit that such order should further provide that the Banks may rely on the representations of the Debtors with respect to

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

DEBTORS' EMERG. MOT. CONTINUED USE OF BANK ACCOUNTS, RELATED RELIEF - 6 -

Case: 11-45175    Doc# 20    Filed: 05/17/11    Entered: 05/17/11 19:58:58    Page 6 of 7

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

1 whether any check or other payment order drawn or issued by the Debtors prior to the Petition
2 Date should be honored pursuant to an order of this Court.

Dated: May 17, 2011

FARELLA BRAUN + MARTEL LLP

By: /s/
Gary M. Kaplan

[Proposed] Attorneys for Debtors
WALTER J. NG AND MARIBEL NG

26777\2610101.3