Tracy Green (Bar No. 114876)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607-4036
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: tgreen@wendel.com

Attorneys for Fred Hjelmeset, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

In re

WALTER J. NG, dba Walter Ng Investors, dba Walter Ng Realty, and MARIBEL NG,

Debtors.

Case No. 11-45175 RLE

Chapter 7

**NOTICE OF TRUSTEE'S NINTH OMNIBUS OBJECTIONS TO CLAIMS AND OBJECTIONS**

TO THE FOLLOWING CREDITORS:

| | | |
|---|---|---|
| Charles and Faye Barry, Trustees Barry Family 1990 Trust | IRA Service Trust Co., Custodian FBO Robert Billings IRA | Randall M.&Geri A. Burns, Ttees Randall & Geri Burns Family Tr |
| Jim/Elena Carmon Trust | Rosie Casals | Lyle C. Cavin, Jr., Trustee ATF Pension & Profit Sharing |
| Lyle C. Cavin, Jr., ATF Pen Plan | Lyle C. Cavin | Lyle C. Cavin Jr. |
| Patricia Mae Cross c/o Rene Connell | Pensco Trust Co. FBO Gary Griffith IRA | Sarah Jaeschke |
| Dennis Jaffe, Trustee Dennis/Paula 2004 Living Trust | IRA Services Trust Co., Custodian FBO Carrie Johns | Bar-K 401k Plan FBO Carrie Johns |
| Carrie Johns, Bar-K 401k | Inge S. Jordan, Trustee Inge S. Jordan 2004 Rev Lv Tr | Charles Schwab & Co., Custodian FBO Ruth F. Kass IRA |
| Charles Schwab & Co., Custodian FBO Stephen M. Kass IRA | IRA Services Trust Co., Custodian FBO Jane Lam | IRA Services Trust Co., Custodian FBO Jane Lam IRA |
| Lawrence and Jane Lam, Trustees Lawrence & Jane Lam Rev. Tr. | Maintenance 2000 | Walter Medeiros |
| Diana L. Obrinsky, Trustee Diana L. Obrinsky Survivor's Tr | Charles Schwab & Co. Inc., Cust. FBO Diana Obrinsky-Beneficiary | Diana L. Obrinsky, Trustee D. Whorton Mrtl Gst Tr 1/27/08 |
| Victoria M. Pereira and Melanie E. Meinert | Beatrice Pixa Trustee Beatrice Pixa Revocable Trust | Jane Powers |
| Charles and Julia Rock, Trustees Rock Family Living Trust | Frances (Chi Cha) Russo | IRA Services Trust Co., Custodian FBO Frances M. Russo IRA |

| Frances Arue Szura | Alexander H. Talcott | Mark A. or Lynette M. Totorica |
|---|---|---|
| IRA Services Trust Co., Custodian FBO Frank Verduzco | Frank A. or Grace Ann Verduzco or Janice Watson | IRA Services Trust Co., Custodian FBO Grace Ann Verduzco IRA |
| Connie Marks | Grace Ann Verduzco | Jerry Wang |
| Ruth Weibel | IRA Services Trust Co., Custodian FBO Karen L. White | Karen L. White |
| Mark I. and Susan White | Vilma Woodford, RMD Account | |

Fred H. Hjelmeset, Chapter 7 Trustee in the above captioned case ("Trustee") objects to the proofs of claims set forth on **Exhibit A** for the reasons stated in that Exhibit, and is asking the Court to disallow the claims listed herein in full. If the Court agrees with the Trustee and disallows any of the claims listed, that creditor will not receive any distribution from this bankruptcy estate. Please review **Exhibit A** attached hereto to locate your name, and the basis of the objection. This objection only applies to those claims which are listed on **Exhibit A**. An objection to a claim in this Estate has no connection to whether a claim is allowable in any other bankruptcy estate.

## PROCEDURE

This objection is governed by Bankruptcy Rule 3007 and Bankruptcy Local Rule 9014-1(b)(3)(A) of the United States Bankruptcy Court for the Northern District of California. Any party-in-interests that wants to oppose this objection or be heard must file a request for a hearing with the bankruptcy court and serve such request on the undersigned, at the address indicated below, within twenty-one (21) days following the date of this notice. Any request for a hearing must be accompanied by declarations and memoranda of law that the requesting party wishes to present in support of its position. In the event that a party-in-interest timely files a request for a hearing, accompanied by the appropriate documents, the Trustee will obtain a hearing date and time, and will notify the requesting party with at least seven (7) days' notice of the hearing date and time. If there is no timely request for a hearing, the Trustee will request that the Bankruptcy Court enter an order approving and authorizing the relief requested by the Trustee without further notice.

## THE OBJECTIONS

The following are the bases for the possible objections indicated in **Exhibit A**. The specific objection to each claim is stated in the attached chart.

**1.     Filed in the Wrong Case:** The Debtors in this bankruptcy estate are Walter Ng and Maribel Ng, individuals. Only claimants that have claims directly against the debtors as individuals can be allowed in this case. Some of the proofs of claims that were filed attach invoices indicating that monies are owed to the claimants from entities other than Walter Ng and or Maribel Ng. Specifically, some Proofs of Claim attach invoices which indicate that R.E. Loans, LLC, Mortgage Fund '08, LLC, or another entity owes money to the claimant, and not the Debtors as individuals. You can verify the amount of your claim in the R.E. Loans, LLC estate by looking at the following website: www.RELoansLLC-info.com. Such claims do not evidence a debt owed by the Debtors in this case; therefore, the Trustee will ask the Court to disallow them.

**2.     Duplicate Claims:**  If a claimant filed multiple proofs of claims for the same claim, the Trustee must object to the duplicate claim.  Each claim can only be allowed once, and the Trustee must therefore object to duplicate claims to prevent over payment to creditors.

**3.     Superseded by an Amended Claim:**  If a claim is filed, and then later an amended claim is filed, an objection to the original claim must be filed to avoid double payment.

4.     **No Evidence of Security:**  To be a secured claim in this estate, the claimant must have perfected his or her security interest under state law.  If there was no perfection, the claim will not be allowed as a secured claim.

5.     **No Attachments Attached:**  Claimants are required to attach evidence of the claim by attaching an invoice or contract. Failure to submit evidence of the claim is objectionable.  If a claim is objectionable because of other reasons stated above, filing an amended claim with the attachments will not change the Trustee's other objections.

6.     **No Evidence for Basis For Priority**:  Certain claims are entitled to priority under the Bankruptcy Code.  However, it is not enough to claim priority, the claimant must provide evidence of why its claim is entitled to priority.

**NOTICE IS HEREBY FURTHER GIVEN that Bankruptcy Local Rule 3007-1(b) provides that where a factual dispute is involved, the initial hearing on a claim objection shall be deemed a status conference, at which the Bankruptcy Court will not receive evidence.  Where the objection involves only a matter of law, the matter may be argued at the initial hearing on the claim objection.**

DATED:  September 27, 2013             WENDEL, ROSEN, BLACK & DEAN LLP

                                       By:     */s/ Tracy Green*
                                             Tracy Green
                                             Attorneys for Fred Hjelmeset, Trustee